UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS WILMERING, | ) | |
| *by and through his next friend,* | ) | |
| Jere Wilmering, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14 CV 852 RWS |
| | ) | |
| BANK OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Thomas Wilmering filed this action against Defendants Bank of America and

Nationstar Mortgage asserting a claim for quiet tile and a claim for a violation of the Missouri

Merchandising Practices Act, §407.010, *et seq.* R.S.Mo. (MMPA). Wilmering alleges that

Defendant Bank of America induced Wilmering to enter a reverse mortgage loan after the bank

had been informed that Wilmering had dementia and was incapacitated. Wilmering alleges that

the bank subsequently transferred the mortgage to Defendant Nationstar.

Nationstar has moved to dismiss the MMPA claim against it.

In ruling on a motion to dismiss, I must accept as true all factual allegations in the

complaint and view them in the light most favorable to Plaintiffs. Fed. R. Civ. P. 12(b)(6);

Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). This simplified

notice pleading standard relies on liberal discovery rules and summary judgment motions to

define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom

Corp., 296 F.3d 701, 711 (8th Cir. 2002).

The original loan documents at issue in this matter were executed on September 6, 2007.

Bank of America assigned the mortgage to Nationstar on November 12, 2012.  Nationstar asserts

that it cannot be liable under the MMPA because it was not a loan servicer to the initial loan

transaction.  Nationstar argues that it is a licensee of the Missouri Department of Finance and is

thereby exempted from the MMP's scope.  See § 407.020(2)(2) R.S.Mo. (Nothing contained in

this section shall apply to ...Any institution, company, or entity that is subject to ... licensing ... by

the ... director of the division of finance under chapters 361 to 369.")  Nationstar also argues that

the MMPA claim against it fails because Missouri law excludes mortgage servicing activities

that occur long after the selling of any product or service.

The MMPA protects consumers from unfair practices "in connection with" the sale or

marketing of a good or service.  The loan servicing activity of Nationstar in this case began years

after the loan was originated and is not "in connection with" the sale or marketing of the loan.

In relevant part, the MMPA prohibits:

> [t]he act, use or employment by any person of any deception, fraud, false pretense,
> false promise, misrepresentation, unfair practice or the concealment, suppression,
> or omission of any material fact in connection with the sale or advertisement of
> any merchandise in trade or commerce ... whether committed before, during, or
> after the sale, advertisement or solicitation.

§ 407.020.1 R.S.Mo.

As noted above, a licensee of the Missouri Department of Finance and is exempted from

the MMP's scope.  See § 407.020(2)(2) R.S.Mo.  Nationstar was a licensee of the Missouri

Department of Finance from the date it was assigned Wilmering's loan to the date this lawsuit

was filed. [Doc. No. 17, Memo. in Support, Ex. D.]  As a result, Wilmering fails to state an MMPA claim against Nationstar  See also Reitz v. Nationstar Mortg., LLC, 954 F. Supp.2d 870, 892 (E.D.Mo.,2013) (Nationstar, as a licensee is exempt from the provision of the MMPA).

Even if the Nationstar was not exempt from the application of the MMPA, Wilmering's claim would still fail as a matter of law.  To state a prima facie MMPA claim, a plaintiff must allege that she 1) purchased or leased merchandise; 2) primarily for personal, family or household purposes; 3) suffered an ascertainable loss of money or property, real or personal; and 4) as a result of the defendant's use of one of the methods or practices declared unlawful by § 407.020 R.S.Mo. § 407.025.1 R.S.Mo..

Wilmering did not purchase or lease anything from Nationstar.  Nationstar was assigned Wilmering's loan years after it was originated.  Nationstar is a loan servicer who was not a party to the initial loan transaction. Under Missouri law,  a MMPA claim may not be brought against a third-party that was not part of the original transaction.  Barnes v. Federal Home Loan Mortgage Corp., 2013 WL 1314200, *7 (W.D. Mo. March 28, 2013).

**IT IS HEREBY ORDERED that** Defendant Nationstar's motion to dismiss Count II [#16] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2014.